**STATE of Missouri, Respondent,**

v.

**Ryan BLUNT, Appellant.**

No. 62216.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1993.

Application to Transfer Denied
Nov. 23, 1993.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for second degree felony murder after a jury trial. We affirm.

In the light most favorable to the verdict, the facts are as follows: On August 8, 1991, William Lindquist, Jr. (Victim), drove to the Elmwood Park area in north St. Louis County. Victim approached Defendant and two of his friends on Wibracht and solicited crack cocaine from him. At that time, Defendant, believing Victim to be a police officer, said he did not have any crack. However, Defendant yelled to Charles Simmons who was walking up the street toward Defendant and Victim. Defendant asked Simmons if he had any crack cocaine for sale.

Simmons joined the group saying he would sell Victim crack cocaine. Simmons then told Victim to go over to the next street, Werrmeyer and Meeks, to make the purchase. After Victim drove away, Defendant told Simmons he had found Victim and would sell the cocaine to him. The group then walked over to meet Victim. Defendant approached Victim, who was in his car. Simmons remained off to the right behind Defendant. Victim stated he wanted $20 worth of crack cocaine. Defendant produced a rock of cocaine. Victim was hesitant about giving up his $20. Defendant yelled to Victim to hand over the money. Victim continued to hesitate.

At this time, Simmons came up to Victim's car and yelled at him to give up the money. Simmons then brought out a gun and shot Victim. Victim drove away and the group dispersed.

At approximately 2:49 a.m., Officer Reiter responded to a traffic accident at 1408 Werrmeyer Place. Upon his arrival, Reiter observed Victim's car had hit a parked car. Victim was lying slumped across the front seat. The medical examiner testified Victim had died from a gunshot wound to the chest.

On January 8, 1991, the State filed an information charging Defendant with second degree felony murder and armed criminal action. After trial, the jury acquitted Defendant of armed criminal action. However, the jury convicted Defendant of second degree felony murder.

■ On appeal, Defendant argues the evidence was insufficient to convict him of second degree felony murder because it shows Victim's actual killer, Simmons, was not an accomplice of Defendant's attempted drug sale. We disagree.

Section 565.021, RSMo Supp.1992, provides one commits the crime of second degree felony murder if he or she:

> (2) Commits or attempts to commit any felony, and, in the perpetration or the attempted perpetration of such felony ... another person is killed as a result of the perpetration or attempted perpetration of such felony....

■ Missouri follows the proximate cause theory of felony murder in interpreting whether a death resulted from the perpetration of a felony. Under that theory, the identity of the actual killer is irrelevant and Defendant may be considered responsible for any deaths which are the natural and proximate result of the felony. *State v. Moore,* 580 S.W.2d 747, 752[6] (Mo. banc 1979); *See also, State v. Baker,* 607 S.W.2d 153, 156 (Mo. banc 1980); *Moore v. Wyrick,* 766 F.2d 1253, 1255–57[2–4] (8th Cir.1985). Therefore, Defendant may be properly convicted of second degree felony murder if Victim's death was the natural and proximate result of the acts committed by Defendant or his accomplice. *Moore,* 580 S.W.2d at 752[6]; *State v. Davis,* 797 S.W.2d 560, 563[4, 5] (Mo.App.1990).

Sufficient evidence exists in the record to support a finding Simmons was acting as Defendant's accomplice. Defendant asked Simmons whether he had any crack to sell Victim. Defendant and Simmons approached Victim together to sell the cocaine. Simmons remained behind Defendant while Defendant made the sale. Therefore, Victim's death was the natural and proximate result of acts committed by Defendant's accomplice Sim-

mons. Further, it is foreseeable a death could result in an illegal drug deal. Defendant's conviction was proper.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.