Terry KRAMER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 85334.

Missouri Court of Appeals, Eastern District, Division Three.

June 21, 2005.

Scott Thompson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Jefferson City, MO, for respondent.

---

Before CLIFFORD H. AHRENS, P.J., GLENN A. NORTON, J., and NANNETTE A. BAKER, J.

### ORDER

PER CURIAM.

Terry Kramer ("Movant") made an *Alford*[1] plea of guilty to child molestation in the first degree. The court ordered Movant incarcerated in the Missouri Department of Corrections for seven years. On January 6, 2004, Movant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035.[2] Post-conviction counsel was appointed on the same day. The motion court denied Movant's request without an evidentiary hearing. Movant appealed, and this court reversed and remanded citing the motion court's failure to enter findings as to one of Movant's claims. *Kramer v. State,* 136 S.W.3d 87 (Mo.App. E.D. 2004). On September 21, 2004, the motion court filed its Amended Order and Judgment again denying Movant's post-conviction relief without a hearing. Movant appealed.

Movant claims in his sole point relied on, that the motion court erred when it denied his motion for post-conviction relief without an evidentiary hearing because he alleged facts that would entitle him to relief. Movant alleged that his plea was not voluntary because the plea court represented that it would consider sentencing him to probation upon receipt of a favorable pre-sentence investigation report. Movant claims that at sentencing, the court stated that Movant was foreclosed from receiving probation because of the nature of the offense and that the court made a practice of forbidding probation in all such cases. Movant contends that, absent his reasonable belief that he would be considered for probation, he would not have pled guilty and would have insisted upon a trial. We find no error and affirm.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order. We affirm the judgment pursuant to Rule 84.16(b).

---

1. In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) the Supreme Court recognized a defendant could choose to plead guilty, although not actually admit guilt, when the record strongly supported a finding of guilt and the defendant believed a plea bargain was in his or her best interest.

2. All Rule references are to Mo. Rules Civ. P.2004 unless otherwise indicated.