**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Massigh STALLMAN,
Defendant/Appellant.**

**No. ED 90629.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 2009.

Application for Transfer Denied Sept. 1, 2009.

Christopher A. Koster, Shaun J. Mackelprang and Richard Anthony Starnes, MO, for Respondent.

Ellen H. Flottman, Columbia, MO, for Appellant.

SHERRI B. SULLIVAN, J.

### Introduction

Massigh Stallman (Appellant) appeals from the trial court's judgment entered upon a jury verdict convicting him of first-degree robbery, Section 569.020;[1] second-degree burglary, Section 569.170; two counts of stealing, Section 570.030; second-degree assault of a law enforcement officer, Section 565.082.1(a); resisting arrest, Section 575.150; two counts of armed criminal action, Section 571.015; first-degree burglary, Section 569.160; and second-degree felony murder, Section 565.021. We affirm.

### Factual and Procedural Background

Brenda Buschmann (Buschmann) awoke at approximately 12:30 a.m. on April 20 to see Appellant poke his head out of her bathroom. Appellant came into the bedroom, pointed a gun at her, and demanded keys to her vehicle. Buschmann gave him the keys to her silver Protege, license number 304–CPE. Appellant, who was wearing camouflage clothing and a ball cap, told Buschmann he had cut her phone line, then he walked down the steps to the general store below Buschmann's living quarters. Buschmann got her cell phone and called 911. She could hear noise coming from the store downstairs. Later it was discovered money and other items were taken from the store, the safe in the office was opened, and the alarm wire was cut.

Law enforcement was dispatched to the store for an armed robbery in progress. Appellant and the responding officers, including Deputies Harold Heitman (Heitman) and Paul Owensby (Owensby), exchanged gunfire. During the exchange, Heitman was struck in the face with a bullet.

Appellant dropped his weapon, jumped in Buschmann's Protege, and drove away. The chase of the Protege proceeded at high speeds and ended in Franklin County, where Appellant fled the car, which caught on fire. A SWAT team was called out to set up a perimeter and conduct a manhunt. A camouflage ball cap was found fifteen to twenty feet from the burned car.

Trooper Ralph Tatoian (Tatoian) was a member of the SWAT team who was called to respond to the manhunt. He was driving on Interstate 44 at a high rate of speed when he passed a crash site. A car entering a construction zone had lost control and hit the concrete wall on the right, rotated and came to rest in the left lane facing the wrong way. Another car and a tractor-trailer had pulled over past the wrecked car. Tatoian was westbound, lights and sirens on, when he moved to the right around the wrecked car. He moved

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

back into the left lane and came over the crest of the hill, striking the back of the tractor-trailer. He was killed instantly.

Franklin County deputies had information that someone had been spotted, and saw Appellant standing behind a tree on Highway 50. The deputies apprehended Appellant after a chase.

Officers interviewed Appellant at the station after advising him of his *Miranda*[2] rights. Appellant told officers that he was in the field because he and his friend Jeff got lost while on their way to go hunting, and that he ran from the officers because he had outstanding warrants. Appellant would not say what vehicle he was driving or identify his friend Jeff.

Appellant was charged with first-degree robbery, second-degree burglary, two counts of stealing, first-degree assault of a law enforcement officer, resisting arrest, two counts of armed criminal action, first-degree burglary, and second-degree felony murder. Appellant twice moved to dismiss the felony murder count, which the trial court twice denied.

The jury found Appellant guilty of all charges. The trial court sentenced Appellant as follows: thirty years for first-degree robbery, ten years for second-degree burglary, ten years for each of the stealing convictions, thirty years for assault, five years for resisting arrest, fifteen years for the first armed criminal action conviction and ten years for the second, ten years for burglary; all of the aforementioned sentences to run concurrently, and life imprisonment for felony murder, to run consecutively to the fifteen-year armed criminal action sentence. This appeal follows.

*Point Relied On*

Appellant maintains that the trial court erred in overruling his motion for judg-ment of acquittal of the second-degree felony murder charge because the State did not prove beyond a reasonable doubt that Appellant's act of shooting Heitman was the proximate cause of Tatoian's fatal automobile accident.

*Standard of Review*

When reviewing the sufficiency of the evidence, we consider the evidence and all reasonable inferences reasonably drawn therefrom in the light most favorable to the verdict, *State v. Grim*, 854 S.W.2d 403, 411 (Mo.banc 1993), and disregard all evidence and inferences to the contrary, *State v. Dulany*, 781 S.W.2d 52, 55 (Mo.banc 1989). In reviewing a challenge to the sufficiency of the evidence, our review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Dulany*, 781 S.W.2d at 55; *Grim*, 854 S.W.2d at 411.

*Discussion*

■ The State's second-degree felony murder charge against Appellant read as follows: "in that on or about April 20, 2005, in the County of Franklin, State of Missouri, Trooper Ralph Tatoian, an officer with the Special Emergency Response Team of the Missouri State Highway Patrol, was killed in a motor vehicle accident while responding to a call to assist in the apprehension of a suspect at large as a result of the immediate flight from the perpetration of the class B felony of assault of a law enforcement officer in the second degree, under Section 565.082.1(1), RSMo, committed by the defendant on April 20, 2005, in the County of Gasconade, State of Missouri." Appellant argues that because Tatoian's death was not a direct,

---

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

natural, or reasonably foreseeable consequence of Appellant's actions, he cannot be held criminally liable for his death under Missouri's proximate cause theory of felony murder.

■ A person is guilty of second-degree murder if he commits any felony and, in the perpetration of that felony, another person is killed as a result of the perpetration of that felony. *O'Neal v. State*, 236 S.W.3d 91, 96 (Mo.App. E.D.2007), Section 565.021.1(2). In *O'Neal*, the State charged the defendant with second-degree felony murder for the victims' deaths, which occurred as a result of the defendant's immediate flight from the commission of first-degree robbery.

■ Missouri follows the foreseeability-proximate cause theory of felony murder in interpreting whether a death resulted from the perpetration of a felony. *O'Neal*, 236 S.W.3d at 96. Under that theory, the identity of the actual killer is irrelevant and a defendant may be considered responsible for any deaths that are the natural and proximate result of the commission of a felony. *Id.*

In the instant case, Tatoian was killed while responding to a call to assist in apprehending Appellant, who was at large, armed and dangerous, after Appellant's immediate flight from his assault on Heitman. It is reasonably foreseeable that an armed robbery, ensuing assault on a police officer responding to the robbery, and flight therefrom would meet resistance and cause a pursuit and manhunt, and that these crimes would set into motion the chain of events that caused Tatoian's death. See *State v. Moore*, 580 S.W.2d 747, 752–53 (Mo.banc 1979).

Once Appellant set into motion the chain of events leading to Tatoian's death, he cannot "absolve himself from the consequences of his actions by simply running away from the scene of his crime." *State v. Baker*, 607 S.W.2d 153, 157 (Mo.banc 1980). In fact, it was Appellant's running from the scene of the crime that prompted the manhunt for him in which Tatoian was involved when he crashed.

Furthermore, the stopped tractor-trailer into which Tatoian crashed was not an intervening cause of Tatoian's death. Appellant's "unlawful act need not be the immediate cause of death. It is enough that it be a contributing proximate cause, although other contributing causes may have intervened." *State v. Black*, 50 S.W.3d 778, 785 (Mo.banc 2001) (medical malpractice in treating defendant's stabbing victim not intervening cause of victim's death because defendant set chain of events into motion).

Like in the instant case, in *State v. Kliegel*, 674 S.W.2d 64, 66 (Mo.App. W.D. 1984), the defendant asserted that the victim created the risk of his own death by speeding prior to the accident. The court rejected this rationale, holding that contributory negligence was not a viable defense, because a wrongdoer does not "escape liability for a criminal act because another event concurs to produce the prohibited consequence." *Id.*

Tatoian was killed as a result of participating in law enforcement's attempt to apprehend Appellant during his immediate flight after committing the felony of first-degree assault of law enforcement officer. The immediacy of Appellant's flight from the felony of assault of a law enforcement officer required the summons of additional officers to apprehend Appellant. It was foreseeable that these other officers would have to respond to the area of Appellant's flight *as quickly as possible* and as such, endangering their lives. Appellant created this peril to their lives by his immediate flight and the danger he posed, which re-

sponding officers needed to quickly contain.

For the foregoing reasons, we find that Tatoian's death was a reasonably foreseeable consequence of Appellant's actions, and therefore he can be held criminally liable for Tatoian's death under Missouri's proximate cause theory of felony murder, and the trial court did not err in denying Appellant's motion for acquittal of that charge. Accordingly, Appellant's point on appeal is denied.

*Conclusion*

The trial court's judgment is affirmed.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J., concur.