Ronald E. MITCHELL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 71863.

Missouri Court of Appeals,
Western District.

Feb. 15, 2011.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 29, 2011.

Application for Transfer Denied
May 31, 2011.

S. Kate Webber, for Appellant.

Robert J. Bartholomew, for Respondent.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, JOSEPH M. ELLIS Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Ronald Mitchell appeals the judgment of the motion court denying his Rule 24.035 motion for postconviction relief following

an evidentiary hearing. Mitchell sought to vacate his conviction for second-degree felony murder, section 565.021, RSMo 2000, and sentence of twenty years imprisonment. In his sole point on appeal, he contends that his guilty plea was not knowing, intelligent, or voluntary because the record does not establish a factual basis for the essential elements of the underlying felony of unlawful use of a weapon by exhibiting, section 571.030.1(4), RSMo Cum.Supp.2010. The judgment of the motion court is affirmed.

## Factual and Procedural Background

Mitchell was charged by indictment with murder in the second degree or, in the alternative, felony murder based on unlawful use of a weapon by exhibiting. He was also charged with armed criminal action. Mitchell pleaded guilty to felony murder pursuant to a plea agreement with the State and was sentenced to twenty years imprisonment.

He timely filed a *pro se* Rule 24.035 motion for postconviction relief. Appointed counsel filed an amended motion on Mitchell's behalf alleging, *inter alia*, that Mitchell's guilty plea was unknowing and involuntary because the plea court accepted it without a factual basis for the underlying felony, unlawful use of a weapon by exhibiting.

An evidentiary hearing was conducted on the motion. Following the hearing, the motion court denied the motion, finding that Mitchell understood the nature of the charges against him and that he had been advised of the nature and elements of the offenses of felony murder and unlawful use of a weapon by exhibiting. This appeal followed.

## Standard of Review

■ Appellate review of the denial of a postconviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Roberts*, 276 S.W.3d at 835. The movant has the burden of proving his claims for relief by a preponderance of the evidence. Rule 24.035(i).

## Factual Basis for Guilty Plea

■ In his sole point on appeal, Mitchell contends that his guilty plea was not knowing, intelligent, or voluntary because the record does not establish a factual basis for the essential elements of the underlying felony of unlawful use of a weapon by exhibiting, section 571.030.1(4).

■ A plea court may not enter judgment on a guilty plea unless it determines that a factual basis for the plea exists. Rule 24.02(e); *State v. Hunter*, 840 S.W.2d 850, 864 (Mo. banc 1992). "If the plea of guilty is voluntarily and understandingly made and unequivocal as to the various factual elements necessary to constitute the offense, the plea itself forms a factual basis for the guilty plea." *Hunter*, 840 S.W.2d at 864.

■ A factual basis exists if the defendant understands the facts presented at the plea hearing and those facts establish the commission of the charged crime. *O'Neal v. State*, 236 S.W.3d 91, 96 (Mo. App. E.D.2007). If the defendant understands the nature of the charges against him, a trial court is not required to explain every element of the crime. *Ivy v. State*, 81 S.W.3d 199, 202 (Mo.App. W.D.2002) (citing *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996)), *abrogation on other*

*grounds recognized by Cloyd v. State,* 302 S.W.3d 804, 807–08 (Mo.App. W.D.2010). A plea cannot be voluntary unless the defendant received " 'real notice of the true nature of the charge against him.' " *Id.* (quoting *Henderson v. Morgan,* 426 U.S. 637, 644–45, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)). Where the information clearly charges the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, a factual basis is established. *Id.*

A person commits the crime of second-degree murder if he commits a felony and, in the perpetration of that felony, another person is killed as a result of the perpetration of that felony. § 565.021.1(2); *State v. Burrell,* 160 S.W.3d 798, 803 (Mo. banc 2005). A person commits the crime of unlawful use of a weapon if he "knowingly ... [e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." § 571.030.1(4).

The following colloquy between defense counsel, the prosecutor, and Mitchell occurred during the presentation of the factual basis for Mitchell's guilty plea to felony murder:

Q [Defense Counsel]: The State alleges that this took place on or about June 24, 2006. Is this correct?

A [Mitchell]: Yes.

Q: And it happened at the location of 7124 Wayne here in Jackson County, State of Missouri; is that correct?

A: Yes.

Q: And at that time, do you agree that Tracy L. Tillman was killed because she was shot?

A: Yes.

Q: And so you also agree that she was shot as a result of your committing the crime of the Class D felony of Unlawful Use of a Weapon By Exhibiting?

A: Yes.

Q: And that this crime, the Class D felony of Unlawful Use of a Weapon, occurred on the same day, June 24th, 2006, and is what resulted in Ms. Tillman's death?

A: Yes.

. . . .

Q [Prosecutor]: Mr. Mitchell, you fired the gun that shot-that killed Tracy Tillman; is that right?

A: Yes.

Q: Okay. And you were standing on your porch when you fired the gun?

A: Yes, in front of it.

Q: Okay. In front of your porch and Tracy Tillman was in the yard?

A: Yes.

Q: And when you fired that gun, she was shot?

A: Yes.

Q: And then she was killed there at that time and died as a result of that gunshot wound?

A: Yes.

At the evidentiary hearing on Mitchell's Rule 24.035 motion, defense counsel testified that, prior to his guilty plea, she had provided Mitchell with a copy of the felony murder and unlawful use of a weapon statutes. She also testified that she discussed felony murder with Mitchell several times and explained to him that felony murder does not require intent to harm the victim but intent to commit the underlying felony that resulted in the victim's death. She stated that Mitchell was aware that the victim's death did not result from his intent to harm her but from his bringing a gun into the situation. Defense counsel also stated that she explained to Mitchell that to be guilty of unlawful use of a

weapon, he had to have intentionally exhibited the shotgun in a threatening or angry manner and that he indicated that that is what had happened. Finally, counsel testified that Mitchell had made a statement to the police that he pointed the shotgun at one of two women fighting in his yard to scare her off and that she believed the pointing of the shotgun to scare the women constituted an exhibiting.

Mitchell testified at the evidentiary hearing that defense counsel had told him that to be guilty of unlawful use of a weapon, he had to have intentionally exhibited the shotgun. He denied that counsel told him that he had to have exhibited it in an angry or threatening manner. He also denied exhibiting the shotgun in an angry or threatening manner. Finally, when asked about his statement to the police, Mitchell denied pointing the shotgun at anyone but stated that he thought the sight of it would make the fighting women retreat.

Mitchell argues that a reviewing court may not look at and consider matters outside the plea record to determine if the stated factual basis for a plea is established. He cites *O'Neal v. State*, 236 S.W.3d 91, 99–100 (Mo.App. E.D.2007), and *Jones v. State*, 117 S.W.3d 209, 213 (Mo.App. S.D.2003), for such proposition. Those cases are, however, distinguishable from the instant case. In *O'Neal*, the defendant asked the reviewing court to look outside the plea record and consider additional evidence to rebut the recited factual basis for his guilty pleas. *O'Neal*, 236 S.W.3d at 99–100. In *Jones*, the motion court referred to the complaint and the presentence investigation report in the underlying criminal case, neither of which were referenced at the plea or sentencing hearings, as its basis for denying a movant's Rule 24.035 motion. *Jones*, 117 S.W.3d at 213.

The instant case is more similar to *Ivy v. State*, 81 S.W.3d 199 (Mo.App. W.D. 2002). In *Ivy*, a movant sought to vacate his conviction for second-degree felony murder asserting that no adequate factual basis was shown to support his guilty plea. *Id.* at 201. Specifically, he argued that although the plea court asked whether he understood that intent for felony murder was supplied by the underlying felony of unlawful use of a weapon, the court never established what intent was required for that felony, i.e., that he knowingly exhibited a weapon readily capable of lethal use in an angry or threatening manner. *Id.*

At the plea hearing, the movant acknowledged that he discussed the concept of felony murder with his attorney and that he understood felony murder was predicated upon the commission of the felony of unlawful use of a weapon and the intent for felony murder was supplied by the underlying felony. *Id.* at 203. Defense counsel testified at the sentencing hearing that she had discussed with the movant, and he had understood, the concept of felony murder and that intent for felony murder was supplied by the underlying felony. *Id.* at 204. Finally, at the evidentiary hearing on the postconviction relief motion, defense counsel testified that she and the movant had discussed the elements of unlawful use of a weapon and had specifically discussed the issue of intent. *Id.* at 205.

This court held that the motion court did not clearly err in relying heavily upon the testimony of defense counsel at the plea hearing and the evidentiary hearing as evidence that the movant's guilty plea was knowingly and voluntarily entered. *Id.* at 204–05. The court explained, " 'Due process does not require that the defendant, in pleading guilty, be informed of each element of the crime in question *at the plea hearing* ....[F]or a plea to be know-

ing and voluntary, the defendant must be informed of the elements of the offense either at the plea hearing or on some prior occasion, and he must understand them.'" *Id.* at 205 (quoting *Gaddy v. Linahan,* 780 F.2d 935, 944 (11th Cir.1986)). *See also Myers v. State,* 223 S.W.3d 165 (Mo.App. S.D.2006), and *Felton v. State,* 103 S.W.3d 367, 370 (Mo.App. S.D.2003) (for a plea to be knowing and voluntary, a defendant must be informed of and understand the nature of the charges and the elements of the offense either at the plea hearing or some time prior to it). It found the record reflected that the movant discussed and understood the issue of intent before his plea and that he understood the charges against him. *Ivy,* 81 S.W.3d at 205.

Similarly in this case, the record indicates that Mitchell had been advised of and understood the nature of the charges against him and the elements of felony murder and unlawful use of a weapon by exhibiting before he entered his guilty plea. The record shows that Mitchell understood that the felony murder charge was predicated upon the offense of unlawful use of a weapon and that he was provided with a copy of the felony murder and unlawful use of a weapon statutes. It also shows that plea counsel discussed the concept of felony murder numerous times with Mitchell and that she had explained to him the elements of unlawful use of a weapon by exhibiting. A factual basis existed for Mitchell's guilty plea. The motion court did not, therefore, clearly err in denying his Rule 24.035 motion for postconviction relief.

The judgment is affirmed.

All concur.