

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| AKEEM K. JACKSON, | ) | ED102702 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of Saint Louis |
| v. | ) | 1422-CC01151 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Phillip D. Heagney |
| | ) | |
| Respondent. | ) | FILED: March 22, 2016 |

## Introduction

Akeem K. Jackson (Movant) appeals from the motion court's judgment denying his Rule 24.035[1] motion without an evidentiary hearing, arguing his motion alleged facts showing there was an insufficient factual basis for his guilty plea to the class A felony of robbery in the first degree, and the unclassified felony of armed criminal action. We affirm.

## Background

The State charged Movant with one count of the class A felony of robbery in the first degree and one count of the unclassified felony of armed criminal action. The State charged Movant under a theory of accomplice liability; specifically, that Movant was "acting with others" in the commission of each offense. Movant entered a blind plea of

---

[1] All rule references are to Mo. R. Crim. P. (2015), unless noted otherwise.

guilty to both charges. The State recommended concurrent sentences of 20 years for each offense. The motion court accepted Movant's pleas to each charge and sentenced Movant in accordance with the State's recommendation.

Movant's timely Rule 24.035 motion for post-conviction relief alleged he submitted his guilty plea to both charges without proper awareness of all the essential elements. Specifically, Movant argued the State failed to establish that it would need to prove Movant acted with the purpose to promote or further the commission of the crime under an accomplice liability theory. The motion court denied this claim, noting the record reflected Movant understood the charges and he admitted he knew he was engaged in illegal conduct with others during the commission of the crime. This appeal follows.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); see Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). A motion court is not required to grant an evidentiary hearing unless: (1) the movant pleads facts that if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant. Dorsey v. State, 115 S.W.3d 842, 844-45 (Mo. banc 2003).

## Discussion

Movant's sole point on appeal is that the motion court clearly erred in denying Movant's motion without an evidentiary hearing on his Rule 24.035 claim because there were alleged facts showing an insufficient factual basis for his plea. We disagree.

2

Rule 24.02(e) states, "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." A factual basis for a guilty plea is necessary to ensure the guilty plea was intelligently and voluntarily entered, thereby satisfying due process requirements. O'Neal v. State, 236 S.W.3d 91, 95 (Mo. App. E.D. 2007). A factual basis exists if the record of the plea proceeding shows both the factual elements necessary to constitute the offense and that the defendant understood those elements. Id. at 96. The trial court does not need to explain every element of the crime, so long as the defendant understands the nature of the charges against him or her, and the facts recited by the prosecutor establish commission of the crime. Id. at 96. A factual basis may be established on the record as a whole. Douglas v. State, 410 S.W.3d 290, 296 (Mo. App. E.D. 2013). Further, "[w]hen an accused admits in open court facts which constitute the offense for which he is charged, he cannot thereafter withdraw his plea on the assertion that he did not understand the nature of the charge to which he plead guilty." State v. Taylor, 929 S.W.2d 209, 217 (Mo. banc 1996) (quoting Wedlow v. State, 841 S.W.2d 214, 216 (Mo. App. W.D. 1992)).

Here, before pleading guilty, Movant's counsel moved to suppress certain statements, identification, and evidence at a suppression hearing. After the motion court denied the motion to suppress, Movant decided to plead guilty. At the hearing on Movant's guilty plea, the State declared it would prove the following:

> [Movant] acting with others forcibly stole a Dodge Charger in the possession of Adrianne Stowers, and in the course thereof [Movant] acting with others displayed what appeared to be a deadly weapon. Count II is . . . that foregoing felony of robbery first degree charged in Count I acting with others was committed by, with and through the knowing use, assistance and aid of a deadly weapon.

3

As the Court heard earlier in our motions to suppress, the witnesses, and in particular Miss Stowers, would testify that there were other people with the defendant who possessed handguns and did take the vehicle that she owned, which was the Dodge Charger.

Additionally, during Movant's plea, the court questioned the State and Movant:

THE COURT: Now you're not by these charges alleging that [Movant] himself had a weapon, but just someone with whom he was acting had a weapon is that correct?

[THE STATE]: Correct, correct. We would have submitted it as acting with another to the jury.

THE COURT: [Movant], you've heard what the prosecutor said. Is what she said true?

[MOVANT]: Yes, sir.

THE COURT: And you knew at the time that you were engaged in that conduct with the other fellows that what you were doing was against the law?

[MOVANT]: Yes, sir.

Movant's sole argument is the State failed to establish that Movant was aware the State would need to prove not only that Movant acted with others, but also that he acted with the purpose to promote the commission of robbery in the first degree as an accomplice, rather than some lesser offense such as second-degree robbery or stealing. Accomplice liability requires a showing that the defendant acted with another "with the purpose of promoting the commission of an offense." Section 562.041.1(2), RSMo. (2000).

Movant admitted that he knowingly engaged in conduct with others to commit an illegal act. Additionally, during the suppression hearing immediately prior to Movant's guilty plea, Movant heard the testimony of the witnesses to the robbery, one of whom

4

testified that one of the robbers fired a gunshot into the ground during the robbery. The State referred to the testimony of eyewitnesses and said that it would establish that Movant acted with others to commit robbery in the first degree and armed criminal action. Movant agreed that what the prosecutor said was true, and at no time did he deny that his actions promoted the commission of first-degree robbery and armed criminal action or deny that he knew that is what they were doing. Cf. Douglas, 410 S.W.3d at 298 (vacating guilty plea because movant denied during plea hearing that he knew passenger of vehicle movant was driving was planning to commit second-degree murder; plea court's questions during plea hearing were confusing and movant did not admit requisite mental state). To the contrary, Movant admitted that he participated with others, that he knew that what they were doing was illegal, and the facts on the whole record established that those acts constituted robbery in the first degree and armed criminal action. See Taylor, 929 S.W.2d at 217.

The State need only recite facts that establish the commission of the crime, not explain every element of the crime.[2] See O'Neal, 236 S.W.3d at 96. The plea court went a step further to make it clear Movant admitted to affirmatively participating in illegal activity despite the fact that he was not the one holding a gun. See id. Given these facts, we find the record refutes Movant's claim that his guilty plea lacked a factual basis.

Finally, Movant's sentencing hearing took place a month after the court entered his guilty plea, and Movant did not raise any questions at his sentencing indicating he

---

[2] Additionally, we note that at present, the Missouri Approved Charges-Criminal (MACH-CR) does not include specific modification language for when the state charges a defendant as an accomplice. See MACH-CR 1.00, note M. Had such uniform language existed in the MACH-CR, or had the State here specifically said Movant acted "with the purpose of promoting the commission of robbery in the first degree and armed criminal action" in its recitation of the factual basis, either would have alleviated this issue on appeal.

5

lacked understanding of the nature of his charges. Movant only stated that he had wanted a lesser charge, but admitted the State never indicated any willingness to reduce the charges. Given the record as whole refutes Movant's claim that his guilty plea lacked a factual basis, we find he was not entitled to an evidentiary hearing.

Point denied.

## Conclusion

The motion court's denial of Movant's rule 24.035 motion without an evidentiary hearing was not clearly erroneous. We affirm.

_____
Gary M. Gaertner, Jr., Judge

Philip M. Hess, P.J., concurs.
Angela T. Quigless, J., concurs.

6