THE STATE v. HENSON, *Appellant.*

1. **Pleading, Criminal**: INDICTMENT. An indictment for murder which avers that the striking and wounding were in the heart, and that the mortal wound, so given, was through the body, is not repugnant, and the wound need not be described.

2. **Practice, Criminal**: ABSENT WITNESS: CONTINUANCE. Where the affidavit for a continuance, by the defendant in a criminal case, shows on its face that subpœnas had been issued and returned not served on the witnesses whose absence constituted the basis of the application, and the prosecuting attorney having agreed that the facts set out in the affidavit should be read as the testimony of such witnesses, it was not error to deny the continuance.

   The continuance might well have been refused upon the further ground that the affidavit failed to state where the absent witnesses resided, or might be found, as required by statute. R. S. 1879, ? 1884.

3. **Change of Venue**: DISCRETION OF TRIAL COURT. In the absence of evidence in the record showing, or tending to show, that the trial court abused its discretion in denying an application for a change of venue, the Supreme Court will not disturb its ruling.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge,

AFFIRMED.

No brief for appellant.

*D. H. McIntyre*, Attorney General, for the State.

There was no repugnancy in the charge that the striking and wounding were in the breast, and the mortal wound so given was in and through the body. The breast is a part of the body. The indictment need not state upon what part of the body the wound was given, nor describe the wound. *State v. Edmundson*, 64 Mo. 398; *State v. Sanders*, 76 Mo. 35. It is only necessary to allege an assault, its nature, a mortal wounding and death from such wounds within a year and a day from their infliction. *State v. Blan*, 69 Mo. 317; *People v. King*, 27 Cal. 507; *Jones v. State*, 35 Ind. 122. It was not error in the court to overrule defendant's application for a continuance. Defendant did not show in his affidavit where the absent witnesses resided, or might be found, as required by the statute. R. S. 1879, § 1884. The affidavit, itself, reveals the fact that subpœnas had been issued and could not be served, because the witnesses could not be found. It is in cases of this kind that the admissions may be made by the State, as provided by section 1886, and a continuance prevented. *State v. Hickman*, 75 Mo. 419.

The record contains nothing to show that the court abused its discretion in overruling defendant's application for a change of venue. It was a matter resting in the discretion of the trial court. R. S. 1879, § 1859; *State v. Whitton*, 68 Mo. 91; *State v. Guy*, 69 Mo. 431; *State v. Bohanan*, 76 Mo. 562. It makes no difference that defendant did not intend to shoot the deceased. The killing was done in the attempt to perpetrate another felony, and although defendant bore deceased no malice, the law transfers the malice and makes it murder. 1 Hale P. C., top p. 466; Foster's Crown Law, 258, 259, 261; 1 East P. C., 230, 257; 1 Bish. Crim. Law, (5 Ed.) § 328, and authorities cited; 1 Hawkins P. C., p. 126, § 41; *State v. Smith*, 32 Me. 369.

25—81

NORTON, J.—At the October term, 1882, of the Howell county circuit court, defendant was indicted for murder in the first degree for killing one Frank Vosburg on the 21st of August, 1882. He was tried at the same term and found guilty of murder in the second degree, and his punishment assessed at twenty-five years imprisonment in the penitentiary. From this judgment defendant has appealed, and by his appeal puts in question the propriety of the action of the trial court in overruling a demurrer to the indictment, in refusing to grant a continuance of the cause, in overruling defendant's application for a change of venue and in giving and refusing instructions.

The indictment was demurred to on the ground that it was vague and uncertain in that it alleged the wound to have been given in the heart, and that the wound causing death was through the body, and that the wound was not described. The indictment alleges an assault, a wounding and the instant death of the deceased as the result of such wounding, and that such wounding was done wilfully, feloniously, deliberately, premeditatedly and with malice aforethought. There is no repugnacy in the averments that the striking and wounding were in the heart, and that the mortal wound so given was through the body. The objections to the indictment on this ground, as well as on the ground that the wound was not described as to length, depth, etc., is answered by the case of *State v. Edmundson*, 64 Mo. 398; *State v. Sanders*, 76 Mo. 35 and *State v. Blan*, 69 Mo. 317. The demurrer was properly overruled.

The affidavit for continuance showed upon its face that subpœnas had been issued and returned, not served on the witnesses whose absence constituted the basis of the application, and the prosecuting attorney having agreed that the statement of what defendant expected to prove by the absent witnesses should be read as their evidence, it was, therefore, under the authority of the case of *State v. Hickman*, 75 Mo.

419, properly overruled. Besides this, the affidavit failed to state where the absent witness resided, or might be found as required by section 1884, Revised Statutes, and might well have been refused on that ground.

In the absence of any evidence in the record showing, or tending to show, that the inhabitants of Howell county were so prejudiced against defendant that he could not have a fair trial therein, we cannot say that the trial court abused its discretion in overruling the application for a change of venue, based upon the ground that the inhabitants of said county were so prejudiced against defendant that he could not have a fair trial in said county. *State v. Whitton*, 68 Mo. 91; § 1859, R. S.; *State v. Bohanan*, 76 Mo. 562

The evidence adduced on the trial tended to show that the accused made an unprovoked and deadly assault upon one Wench with a pistol, and that deceased interfered to prevent the execution of his design, and was shot and instantly killed by defendant. Upon this state of facts the jury were instructed by the court as to murder in the first and second degrees by instructions properly defining those offenses, and setting forth the *quantum* of evidence necessary to authorize a conviction for either of said offenses, and are unexceptionable.

We discover no error in the record justifying an interference with the judgment, and it is hereby affirmed. All concur except Judge SHERWOOD, absent.