THE STATE v. MONTGOMERY, *Appellant.*

Criminal Law : INTENT : SHOOTING AT ONE, STRIKING ANOTHER. Where one shoots at another, with a felonious intent, but misses him and wounds a third person not intended, the law transfers the felonious intent to such third person, and the assailant is as guilty as though the person intended had been shot ; and evidence of the entire transaction is admissible, on the trial of a charge of feloniously wounding the person not intended.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

No brief for appellant.

*B. G. Boone*, Attorney General, for the state.

An act against the person of another, done with a felonious intent, is equally criminal whether it affects the person intended or another. *State v. Payton*, 90 Mo. 220 ; *State v. Henson*, 81 Mo. 384 ; 1 Bish. Crim. Law [5 Ed.] sec. 326, *et seq.*

NORTON, C. J.—Defendant was indicted, tried, and convicted, in the Lawrence county circuit court, of an assault with intent to kill one George Browning, and his punishment assessed at a fine of five hundred dollars, from which he has appealed, and assigns for error the action of the court in receiving improper evidence, and giving improper instructions.

The evidence introduced on behalf of the state tends strongly to show that defendant sought, provoked, and brought on a fight, in a public street, in the town of Lawrenceburg, Lawrence county, with one McBride, in which defendant fired three shots from a pistol at said McBride, with the intention of killing him ; that one of these shots missed McBride and struck Browning, who was in said street, on the arm, inflicting a severe and painful wound. It is the reception of this evidence which is complained of. The evidence was properly admitted, for it is well settled that, if, with a felonious intent, A shoots at B, to kill him, and misses B and wounds C, then the law transfers the felonious intent with which the ball started from B to C. This principle is expressly approved in the cases of *State v. Henson*, 81 Mo. 384, and *State v. Payton*, 90 Mo. 220.

The law of the case was fairly given to the jury. The instructions, after properly defining the words, malice aforethought, and feloniously, told the jury, in substance, that, if they believed, from the evidence, the defendant feloniously shot at McBride, with the inten-

tion of killing him, missed him and shot Browning, they would find him guilty. They were further instructed that, if they believed defendant shot at McBride in defence of himself (there being some evidence in the case that McBride fired the first shot), they would acquit. The jury were further told under what circumstances defendant had a right to shoot in self-defence, and also to acquit, if they had a reasonable doubt, from all the evidence, of defendant's guilt.

We perceive nothing in the record justifying an interference with the judgment, and it is hereby affirmed, all concurring, except Brace, J., absent.