## PEOPLE *v.* SAVANT.

1. CRIMINAL LAW—CONTINUANCE—HOW AVOIDED.

Where the witness whose absence is the basis of an application for a continuance on behalf of the respondent in a criminal case is beyond the jurisdiction of the court, it is sufficient, to avoid a continuance, that the prosecution admit that the witness would, if present, testify as stated in the application; it not being required that they admit the truth of the proposed testimony.

2. SAME—WITNESSES—DUTY OF PROSECUTION.

It was not incumbent upon the people in a prosecution for homicide to indorse upon the information the names of witnesses at the inquest whose only relation to the crime was that they claimed to have seen a man taller than respondent enter a store a mile from the scene of the affray, although the assaulter was traced by his tracks in the snow directly to the store.

3. SAME—REMARKS OF COUNSEL.
 A conviction will not be reversed for improper remarks of the
  prosecuting attorney in his argument to the jury, where they
  were made in reply to the argument of respondent's counsel.

Error to Gogebic; Haire, J. Submitted February 4,
1897. Decided April 6, 1897.

Mike Savant was convicted of manslaughter, and sen-
tenced to imprisonment for 10 years in the state prison
at Marquette. Affirmed.

*C. F. Button,* for appellant.

*Fred A. Maynard,* Attorney General, and *C. E. Mil-
ler,* Prosecuting Attorney, for the people.

GRANT, J. The respondent, under an information for
murder, was convicted of manslaughter.

1. Respondent applied for a continuance on the ground
of an absent witness, stating in the application what such
witness would testify to. The affidavit stated that the
absent witness resided in Chicago, Ill. The court stated
that the case would be continued unless the prosecuting
attorney would admit that the witness, if present, would
testify as claimed in the affidavit. The admission was
made, and the case proceeded to trial. Counsel for the
respondent insisted that the admission should be that the
proposed testimony was true. The authorities are not
uniform on this question. Some hold that the truth
of the proposed testimony must be admitted; others, that
it is only necessary to admit that the witness, if produced,
will so testify; and others, that applications for continu-
ances are addressed to the sound discretion of the court.
In some States continuances are regulated by statute.
The subject will be found discussed in the following cases:
*State* v. *Henson,* 81 Mo. 384; *Dominges* v. *State,* 7
Smedes & M. 475 (45 Am. Dec. 315); *Olds* v. *Com.,* 3 A.
K. Marsh. 465; *Com.* v. *Knapp,* 9 Pick. 515 (20 Am.
Dec. 491); *Comerford* v. *State,* 23 Ohio St. 599; *Dean* v.

*State,* 89 Ala. 46; *Petty* v. *State,* 4 Lea, 326; *State* v. *Jewell,* 90 Mo. 467; *De Arman* v. *State,* 77 Ala. 10; *Com.* v. *Donovan,* 99 Mass. 425 (96 Am. Dec. 765); *Wheeler* v. *State,* 8 Ind. 117; *People* v. *Diaz,* 6 Cal. 248. It is, however, unnecessary to express any opinion upon the question as presented by counsel for respondent. Where the witness whose absence is the basis of the application is beyond the jurisdiction of the court, and out of reach of its process, it is sufficient, to avoid a continuance, that the prosecution admit that the witness will testify as stated. 4 Enc. Pl. & Prac. 865–868. The ruling of the court was therefore correct.

2. It appears that the deceased was killed in the night, just outside the door of a saloon; that a quarrel was in progress in the saloon, in which the deceased and the respondent were participants; that the saloon keeper ordered the party out; and that the respondent went out, followed by the deceased and three other parties, who were witnesses. Snow had fallen. An officer was summoned. The assaulter fled, and his track led from the saloon to a candy store about a mile distant. The officer, accompanied by two of the witnesses who were in the saloon, followed the track. When they reached the candy store, they found one Joe Boggio therein. Boggio was arrested. Upon the inquest these two witnesses testified that they identified Boggio as the man who had done the killing. The record states that Boggio was not in the saloon that night. Two persons testified at the inquest that they saw a man enter the candy store that night, whom they described as a tall man, while the respondent was a short man. The names of these witnesses were not indorsed upon the information. Counsel for the respondent asked the court to compel the prosecution to indorse these names upon the information, and produce them as witnesses. This was refused, and we think properly. These witnesses did not see the affray, and the man they saw was a mile from the scene of the affray. The man who went from the saloon to the candy

shop, and whose tracks they traced in the snow, was undoubtedly the man who did the killing. The killing was done by a man who was in the saloon, and who went out with the party. The fact that Boggio was not in the saloon that night removes all suspicion from him. If the respondent desired the testimony of these witnesses, it was his place to produce them. He and his counsel knew that their names were not on the information, but they took no steps to produce them, and did not ask the court for an order to subpœna them at the expense of the people. There was no error in the ruling of the court. No testimony was introduced on the part of the respondent.

3. Objection is made to some of the remarks of the prosecuting attorney in his argument to the jury. Enough appears upon the record to show that some, if not all, of them, were in reply to the argument of counsel for the respondent. We find nothing in them which justifies a reversal of the case.

4. Objection is also made to certain instructions given by the court. The entire charge of the court appears in the record. It correctly stated the law applicable to the case. The isolated sentences upon which error is alleged, when read in connection with the entire charge, were not erroneous.

We find no error in the record, and the conviction is affirmed.

The other Justices concurred.