

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| EVAN LOCKHART, | ) | No. ED101852 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Richard C. Bresnahan |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | September 22, 2015 |

Evan Lockhart ("Movant") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant argues the motion court clearly erred in denying his motion because his guilty plea to the charged crimes lacked a factual basis. We find the motion court's findings of fact and conclusions of law are not clearly erroneous and affirm.

Movant and his brother stole a car from a person in the City of St. Louis. They drove that car until it ran out of gas near Highway 70 in Jennings. Movant and his brother walked from the car and eventually encountered Sergeant Eagan's unmarked police car. Sergeant Eagan was in the car conducting surveillance. Movant opened the car door and ordered Sergeant Eagan to get out and shot him in the face. Sergeant Eagan suffered a serious injury to his mouth and jaw.

The police were led to Movant after his mother told them he said he shot a police officer. Movant was arrested, questioned by the police, and he gave a statement to the police.

Movant was charged with one count of first-degree assault of a law enforcement officer, Section 565.081.1, RSMo 2000,[1] one count of attempted first-degree robbery, Section 564.011, and two counts of armed criminal action, Section 571.015. Movant pled guilty to the charges and was sentenced to concurrent terms of thirty years of imprisonment for both the assault of a law enforcement officer and accompanying armed criminal action and concurrent terms of fifteen years for both attempted robbery and the accompanying armed criminal action.

Thereafter, Movant filed a pro se Rule 24.035 motion for post-conviction relief. The motion court appointed counsel, and an amended motion was filed. The motion court entered findings of fact and conclusions of law, denying Movant's motion without an evidentiary hearing. This appeal follows.

Our review of a motion court's findings of fact and conclusions of law denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); Worthington v. State, 166 S.W.3d 566, 572 (Mo. banc 2005). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. Id. When reviewing a motion court's ruling, we presume the motion court's findings and conclusions are correct. Grace v. State, 313 S.W.3d 230, 232 (Mo. App. E.D. 2010). We defer to the motion court's determinations of credibility of the witnesses. Berry v. State, 225 S.W.3d 457, 462 (Mo. App. S.D. 2007).

A movant is entitled to an evidentiary hearing only if: (1) the movant pled facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and

---

[1]All further statutory references are to RSMo 2000, unless otherwise indicated.

(3) the matters complained of resulted in prejudice to the movant. Wharton v. State, 431 S.W.3d 1, 4 (Mo. App. E.D. 2014).

In his sole point, Movant argues the motion court clearly erred in denying his motion because his guilty plea to the charged crimes lacked a factual basis.[2] We disagree.

Movant contends his plea did not unequivocally establish that he was guilty of the charged crime of assault of a law enforcement officer because Movant's description of his mental state at the time of the offense was contradictory and equivocal on the question of whether, or at what point, he knew Officer Eagan was a police officer.

A person commits the crime of assault of a law enforcement officer in the first degree if such person attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer. Section 565.081.1. To convict under Section 565.081, the State is required to prove the defendant knew or was aware that the victim was a law enforcement officer. State v. Reed, 402 S.W.3d 146, 150 (Mo. App. W.D. 2013). In addition, a conviction for assault on a law enforcement officer requires proof of specific intent to kill or to cause serious physical injury. State v. McAllister, 399 S.W.3d 518, 521-522 (Mo. App. E.D. 2013).

Rule 24.02 sets forth the procedure a plea court must follow for pleas in felony and misdemeanor cases. Pursuant to Rule 24.02(b)(1), "before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands . . . the nature of the charge to which the plea is offered." Further, Rule 24.02(e) provides, "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The purposes

---

[2] Movant's argument addresses only the alleged lack of a factual basis for the charge of first-degree assault of a law enforcement officer and its accompanying armed criminal action charge.

of Rule 24.02 are to make sure that a defendant understands the specific charges against him, that he understands the maximum penalty confronting him, and that he recognizes that he has waived specific legal rights by pleading guilty. Cafferty v. State, 453 S.W.3d 791, 794 (Mo. App. W.D. 2014). A plea forms the factual basis for a guilty plea where it is voluntarily and understandingly made, as well as unequivocal as to the factual requisites necessary to establish every element of the offense. Id. Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. Id. Even where there has been equivocation, a plea can still be voluntary if it is clear that the plea is knowing and voluntary. Mosby v. State, 236 S.W.3d 670, 678 (Mo. App. S.D. 2007).

The motion court found the record refuted Movant's claim that there was not a factual basis for his plea. The motion court found the prosecutor established the factual basis on the record and demonstrated how the elements would be proven. The motion court noted the prosecutor established Detective Eagan would testify that, after the car door opened, Movant was holding a gun and saying "Get out motherfucker, get out of the car" and then Movant said "oh shit" before he fired the gun. Further, the prosecutor showed Movant admitted to shooting Detective Eagan after he realized he was a police officer and the reason he fired is that police officers shoot to kill. The motion court also noted Movant stated, at the plea and sentencing hearing, "[b]ut, you know, when I saw him, it dawned on me like, this must be a police." The motion court acknowledged that Movant later equivocated, but it found a factual basis had been established and that Movant's plea was knowing and voluntary. Further, the motion court noted it was clear

4

from Movant's earlier statements that he understood the factual basis for his plea and that it was voluntary.

At the plea hearing, the prosecutor stated the factual basis for Movant's plea to the charge of first-degree assault of a law enforcement officer was that he "shot [Detective] Joe Eagan, who was a law enforcement officer, knowing that [Detective] Joe Eagan was a law enforcement officer, and attempted to kill or cause serious physical injury to him by shooting him in the face." Further, the prosecutor noted that the factual basis for the armed criminal action was that the first-degree assault of a law enforcement officer was committed through the knowing use, assistance, and aid of a deadly weapon. Movant was present and heard the prosecutor recite this factual basis.

The prosecutor also noted that Movant went home and told his mother he shot a police officer, and Movant's mother overheard Movant talking to his friends and saying he was involved in the shooting of the Detective Eagan.

Further, the prosecutor stated in Movant's interview with a Maryland Heights police officer and a St. Louis County police officer, Movant gave a statement admitting to shooting Detective Eagan. During that same interview, the prosecutor stated, Movant admitted trying to rob Detective Eagan and then realized Detective Eagan was a police officer. At that point, Movant acknowledged that police officers shoot to kill so he decided to shoot Detective Eagan because he thought it was going to be either him or Movant that got shot.

After the prosecutor set out these facts as the factual basis, the court asked Movant if those facts were substantially true and correct. Movant responded, "I didn't tell my mother I shot no police officer." The court then asked, "Other than that, the rest

5

of it." Movant then stated, "I guess I just agree with everything." Movant continued to speak, and eventually the court interjected and the following exchange took place:

> [The Court]: -- did you in fact shoot Officer Eagan?
> [Movant]: Yes, sir.
> [The Court]: Did you?
> [Movant]: Yes, sir.
> [The Court]: Did you open the door to the police car and shoot this officer while he was sitting in the car?
> [Movant]: Yes, sir. But I actually – to be honest, I chose – I didn't want to kill him, you know, to be honest. To be truthfully honest, I didn't want to kill him. The only reason I shot him is because he went for his gun. And, you know, I understand that police – I didn't know it was a cop when I opened the door, but it was obvious it was a police because I don't know anybody other than police that walk around with a holster on his hip.
> [The Court]: So when you shot him, you realized it was a police officer.
> [Movant]: I mean it dawned on me, but I didn't really have time to react, because once I opened the door the car light came on, the car light came on, and like – I thought he was on his cell phone, you know, when I saw – When I was walking up to the car, I thought he was on his cell phone.
>
> The entire time I was walking up to the car he never looked up. He didn't look up one time. I thought he was on his cell phone. When I opened the door, I realized he was on the computer. I saw – it just – it just looked like he was a cop, you know? I mean, it had to be one, you know? I saw a holster on his hip.
>
> As soon as I opened the door, it took him like two seconds to realize what was going on. But, you know, when I saw him, it dawned on me like, this must be a police. And by the time I realized, he looked at me and he just panicked, you know?
>
> He reached for his gun. I really can't say if he had the gun out the holster or whatever. I just know he reached and I just fired one time. And it just so happened to hit him where it hit him. After that, you know, me not – I didn't want to kill him, you know I honestly didn't want to kill the man, you know?
>
> So when I shot him – and I heard him screaming, you know? It was enough to – you know what I'm saying? It was enough. So I'm like, Okay, this is my opportunity to get away. So that's what I did: I fled the scene. But that entire time I didn't know that man was no cop, though.

Thus, while Movant eventually equivocated on whether he knew Detective Eagan was a police officer, we find there is substantial evidence in the record as a whole that shows Movant understood the factual basis of his plea and knowingly pleaded guilty to

6

first-degree assault of a law enforcement officer and the accompanying armed criminal action charge.

Therefore, the motion court did not clearly err in denying Movant's motion for post-conviction relief because his guilty plea to the charged crimes had a sufficient factual basis. Point denied.

The motion court's denial of Movant's Rule 24.035 motion for post-conviction relief is affirmed.

ROBERT G. DOWD, JR., Presiding Judge

Mary K. Hoff, J. and
Roy L. Richter, J., concur.