

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION ONE</u>

| | | |
|---|---|---|
| JERRELL J. BELL, | ) | ED103398 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 13SL-CC02474 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Colleen Dolan |
| | ) | |
| Respondent. | ) | Filed:  September 6, 2016 |

## INTRODUCTION

Jerrell J. Bell ("Defendant") appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing.  We affirm.

## BACKGROUND

On January 25, 2011, Reginald Gillespie and Jerome Streeter were standing near the corner of Shepley Drive and Lilac Drive in St. Louis County.  Defendant shot at Mr. Gillespie, intending to hit him, but missed.  Instead, the bullet hit Mr. Streeter, seriously injuring him.

Defendant was charged with one count of felony assault in the first degree, as a class A felony, and one count of armed criminal action.  On November 2, 2011, attorney Christine Goulet ("Plea Counsel") entered her appearance on behalf of Defendant.

On April 11, 2013, Defendant appeared in court with Plea Counsel and pleaded guilty—pursuant to a plea agreement—to the felony assault charge.[1] During the hearing, the court found no probable cause to indicate that Plea Counsel was ineffective. Defendant received a twelve year sentence.

Defendant timely filed both his *pro se* and amended motion for post-conviction relief per Rule 24.035,[2] which the court denied without an evidentiary hearing.

This appeal follows.

## DISCUSSION

Defendant submits two points on appeal, asserting in each that the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing, thereby depriving him of his right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, sections 10 and 18(a) of the Missouri Constitution, as well as his right to be free of cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Specifically, Defendant contends that (I) the trial court clearly erred in accepting Defendant's guilty plea on the class A felony without a sufficient factual basis, and (II) Plea Counsel was ineffective in brokering and recommending the plea deal containing the class A felony, and but for Plea Counsel's acts, the results of his proceedings would have been different.

---

[1] As part of the plea agreement, the Armed Criminal Action count was dismissed.

[2] Defendant filed his *pro se* motion for post-conviction relief on July 5, 2013, and the court appointed the Missouri State Public Defender's Office to represent him. Defendant's amended motion was due Sunday, September 22, therefore Defendant was granted until Monday, September 23 to either file an amended motion or request an extension. On that day, attorney Amy Lowe entered her appearance and requested an additional thirty days to file an amended motion, which the court granted until October 22 and on which date Ms. Lowe faxed the amended motion to the court in compliance with St. Louis County Local Rule 3.5. Therefore, Defendant's motion was timely filed.

**Point I – No Clear Error by Trial Court in Accepting Defendant's Guilty Plea**

Defendant first contends that the trial court clearly erred in accepting Defendant's guilty plea on the class A felony without a sufficient factual basis. We disagree.

*Standard of Review*

Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the trial court's findings and conclusions are clearly erroneous. See Rule 24.035(k). The motion court's findings and conclusions will be deemed clearly erroneous only if a review of the entire record leaves this court with the definite and firm impression that a mistake has been made. Chipman v. State, 274 S.W.3d 468, 471 (Mo. App. S.D. 2008); see also Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). Defendant's burden is by a preponderance of the evidence. Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009). Appellate review in post-conviction cases is not *de novo*; rather, the findings of fact and conclusions of law are presumptively correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991).

*Analysis*

"The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). The factual basis is necessary to ensure that the guilty plea was intelligently and voluntarily entered, thereby satisfying due-process requirements. O'Neal v. State, 236 S.W.3d 91, 95 (Mo. App. E.D. 2007); see also Rule 24.02(c) ("The court shall not accept a plea of guilty without first . . . determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement."). A factual basis exists if the defendant understands the facts presented at the guilty-plea proceeding, and those facts establish the commission of the charged crime. Id. at 96. The required factual basis can be established by the defendant's testimony, or his acknowledgment of facts recited by

3

the prosecutor.  Id. at 95-96.  So long as a defendant understands the nature of the charges against him, trial courts are not required to explain every element of the crime.  Id.

"Relief under [Rule 24.02] is available only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  Schuerenberg v. State, 98 S.W.3d 922, 923-24 (Mo. App. S.D. 2003).  Rule 24.02(e) is not constitutionally based; rather, its purpose is to aid in the constitutionally required determination that a defendant enter his or her plea of guilty intelligently and voluntarily.  Id.; see also Price v. State, 137 S.W.3d 538, 541 (Mo. App. S. D. 2004) ("Rule 24.02 is patterned after Fed. R. Crim. P. 11, [therefore] federal precedents are strong, persuasive authority when applying Missouri's rules.").  Rule 24.02(e) serves as protection for "an accused who may appear to be pleading voluntarily and with an understanding of the nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge."  Chipman, 274 S.W.3d at 472; quoting Price, 137 S.W.3d at 541-542; see also McCarthy v. U.S., 394 U.S. 459, 467, (1969) (superseded on other grounds by rule amendment).

Here, the Defendant has not met his burden to show he made an unknowing or involuntary plea because, after a review of the relevant statutory provisions and prior case law, there are clear indications that Defendant's conduct fits the charge of First Degree Assault as a Class A Felony.

Section 565.050 (RSMo 2000) reads as follows:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.
2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

Defendant was charged with First Degree Assault for knowingly attempting to cause serious physical injury to Mr. Gillespie.  Defendant admitted to these facts at his guilty plea hearing,

4

which would undeniably make him guilty of the class B felony of assault in the first degree. However, Defendant missed Mr. Gillespie and seriously injured a bystander, Mr. Streeter.[3] Under these facts, the State charged Defendant with a Class A felony, and Defendant pleaded guilty to the heightened charge.[4] Defendant stated he understood the full range of punishment for the Class A charge, that the State was seeking a twelve year sentence, and that he was "entering this plea of guilty voluntarily and of your own free will because you are guilty as charged."

Defendant now contends that he could not have intelligently and voluntarily pled to the Class A level felony, solely because the statute demands the intended target and the person actually wounded be one in the same. We disagree.

In State v. Scott, 769 S.W.2d 149, 151 (Mo. App. S.D. 1989), Evans and his friends were socializing in a club when they heard defendant Scott was insulting them. Evans confronted Scott, and they scuffled. Scott pulled a gun and shot Evans in the head. He then shot into the background—in the direction of Evans' friends. Scott did not hit any of Evans' friends, but instead hit an unrelated bystander, McGowan. The state charged Scott with, *inter alia*, First Degree Assault as a Class A Felony because McGowan was seriously injured. On appeal, the Southern District stated that "[i]t could be inferred from Scott's conduct that he intended to cause harm to someone with Evans," and therefore the Class A Felony could stand.

Scott relied on State v. Arellano, 736 S.W.2d 432 (Mo. App. W.D. 1987), which similarly allowed for the Class A Felony First Degree Assault, stating "[t]he defendant's intent toward the target is transferred to the bystander for the purpose of fixing the grade of the offense." Arellano in turn relied on two murder cases, wherein transferred intent has long been

---

[3] The severity of Streeter's injury is not disputed.
[4] The punishment for the Class A felony is 10-30 years, and for the Class B felony the punishment is 5-15 years.

allowed, because "the intention follows the bullet". See State v. Mannon, 663 S.W.2d 780, 782

(Mo. App. S.D. 1983); State v. Eiland, 534 S.W.2d 814, 817 (Mo. App. St. Louis Dist. 1976).

The Missouri Legislature has codified transferred intent for murder cases as RSMo 565.003,

which reads:

> The culpable mental state necessary for a homicide offense may be found to exist if the only difference between what actually occurred and what was the object of the offender's state of mind is that a different person or persons were killed.

Therefore, by utilizing the legal fiction of transferred intent, the defendant's in Arellano, Scott

and this case could all be charged with the Class A felony even though they missed their

intended target and hit an innocent bystander.

Defendant correctly recognizes that Missouri has not codified transferred intent for non-

homicide cases, and further points to case law that purportedly supports his position. At best,

Defendant's arguments demonstrate a divided history on the complained about issue.

In State v. Mulhall, 97 S.W. 583 (Mo. 1906), defendant shot at Reed, intending to kill

him, but instead hit Morgan. The State charged defendant with assault with intent to kill

Morgan, arguing that defendant's intent to kill Reed should transfer to Morgan; the jury

instructions so provided.[5] The jury found defendant guilty, but the Missouri Supreme Court

ultimately reversed, stating in relevant part:

> It is clear that under that provision of the statute, there are two essential elements necessary to constitute such offense. First, that the defendant shot at [Morgan], and second that he did so with intent to kill him, and before a conviction can be had upon this charge, it is incumbent upon the state to establish by the proof both elements of such offense. It is not enough that the defendant shot at [Morgan], but as well that at the time

---

[5] Mulhall was charged under section 1847, Rev. St. 1899, which reads in relevant part "Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish, or rob such person . . . shall be punished by imprisonment in the penitentiary not exceeding ten years."
The trial court gave the following instruction to the jury: "if a man with intent to kill one person willfully, unlawfully, and on purpose, and of his malice aforethought shoots to accomplish such intent, but, as a matter of fact, the bullet flies towards and strikes and wounds another whom he did not intend to injure, he is guilty of the same offense as though the bullet had struck and wounded the one whom he intended to kill."

6

of such shooting he intended to kill him. The fact that [Morgan] was seriously wounded, and such wound may have been occasioned by a shot from the pistol of the defendant, yet, the fact that he was so wounded must not be confounded with the essential elements to constitute the offense with which he is charged . . . [unless defendant] shot at [Morgan] with the intent to kill him, then there can be no conviction for an assault with intent to kill.

Id. at 586-587.  See also State v. Williamson (Mo. 1907) (Defendant shot at an intended target, but instead hit a ten-year-old newsboy standing in the background, conviction reversed where defendant was charged with assault with intent to kill the newsboy); Cf. State v. Montgomery, 3 S.W. 379 (Mo. 1887) ("The evidence was properly admitted, for it is well settled that if, with a felonious intent, A shoots at B to kill him, and misses B, and wounds C, that the law transfers the felonious intent with which the ball started, from B to C.").

In fact, Defendant presents no modern cases that support his arguments.  England v. State, 85 S.W.3d 103 (Mo. App. W.D. 2002) is inapposite, as that case turned on whether the defendant could be charged with first degree assault as a *class B* felony, or instead should have been charged with a lesser degree.  See also State v. Kester, 201 S.W. 62 (Mo. 1918) (Where defendant shot into a home, the bullet struck wife, but no evidence was presented that defendant intended to shoot wife, assault with intent to kill conviction was reversed.  "At worst the act was characterized by a spirit of ruffianism and indifference to results which richly merit punishment under the proper proceeding, [which is the culpable negligence assault statute].").

At Defendant's PCR hearing, the motion court relied on Scott for purposes of fixing the grade of the offense.  Defendant has not met his burden demonstrating that the motion court's findings and conclusions are clearly erroneous such that we are left with the definite and firm impression that a mistake has been made.   Point I is denied.

**Point II – Plea Counsel Not Ineffective for Advising Defendant to Take Class A Plea.**

Defendant contends that Plea Counsel was ineffective in brokering and recommending the plea deal containing the class A felony, and but for Plea Counsel's acts, the results of his proceedings would have been different.

*Standard of Review*

To be entitled to an evidentiary hearing on a post-conviction relief claim, a movant must: (1) allege facts, not conclusions, which, if true, would warrant relief; (2) the facts alleged must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Roberts, 276 S.W.3d at 835. An evidentiary hearing is not required if the case files and record conclusively show the movant is not entitled to relief. See Rule 29.15(h).

Since Defendant seeks an evidentiary hearing concerning Plea Counsel's alleged ineffective assistance, he must demonstrate that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to meet this standard, Defendant must show that (1) counsel failed to conform his representation to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances and (2) he was prejudiced as a result. Id.; Sanders v. State, 738 S.W.2d 856, 857–58 (Mo. banc 1987).

Defendant must establish the first prong of Strickland by a preponderance of the evidence. See Rule 29.15(i). However, the burden is a heavy one, in that "the movant must overcome a strong presumption that counsel provided competent assistance." Deck v. State, 68 S.W.3d 418, 425-426 (Mo. banc 2002). Counsel's representation must have fallen below "an objective standard of reasonableness." Strickland, 466 U.S. at 688. Defendant must therefore

8

"identify specific acts or omissions of counsel that resulted from unreasonable professional judgment, and the 'court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.'" Deck, 68 S.W.3d at 426 (quoting Strickland 466 U.S. at 690).

We have already decided in Point I that no clear error as a matter of law exists regarding the issuance of the class A felony; it follows that Plea Counsel is not ineffective for recommending Defendant take the plea. See, e.g., Johnson v. State, 140 S.W.3d 161 (Mo. App. S.D. 2004) (Where counsel was correct in stating that possession of methamphetamine residue was sufficient to support a conviction, defense counsel was not ineffective in advising defendant to plead guilty to possession, as "[i]t is axiomatic that a guilty-plea counsel cannot be considered ineffective when he or she gives correct advice to an accused.").

Further, Defendant testified that he had enough time to discuss the case with Plea Counsel, and that Plea Counsel answered all of Defendant's questions and did everything Defendant asked. We therefore find Defendant's claim for ineffective assistance wholly refuted by the record. Point II is denied.

### CONCLUSION

The judgment of the trial court is affirmed.

_____
Lisa P. Page, Judge

Robert M. Clayton III, P.J., and Mary K. Hoff, J. CONCUR.

9