Daniel Paul AUSTIN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 104817

Missouri Court of Appeals,
Eastern District,
DIVISION FOUR.

Filed: September 26, 2017

Maleaner R. Harvey, 1010 Market St. Ste. 1100, St. Louis, MO 63101, For Movant/Appellant.

Shaun J. Mackelprang, PO Box 899, Jefferson City, MO 65102, For Defendant/Respondent.

## OPINION

Colleen Dolan, P.J.

Daniel P. Austin ("Movant") appeals the motion court's denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Movant asserts two points on appeal. In Point I, Movant argues the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because the State failed to establish a factual basis for one count of kidnapping as required by Rule 24.02(e). In Point II, Movant argues that the motion court erred in denying his Rule 24.035 motion because his plea counsel was ineffective by failing to inform him that he would be ineligible for parole if he pleaded guilty to the charge of victim tampering. Movant further claims this made his guilty plea involuntary, unknowing, and unintelligent because he was unaware that he would be required to serve his entire seven-year sentence without the possibility of parole and asserts he would have insisted on taking the case to trial had he known this.

We affirm the judgment of the motion court.

## I. Facts and Procedural Background

On August 30, 2013, Movant, pursuant to a plea agreement, pleaded guilty to three charges arising from Movant's unlawful removal of the victim from the address where Movant found her on April 26, 2011,

---

1. All references are to Missouri Supreme Court Rules (2014).

with the purpose of terrorizing her. Movant subsequently attempted to communicate with the victim after an order of protection had been placed against him. Movant pleaded guilty to the class B felony of kidnapping under § 565.110 in cause no. 1122-CR02176-01 and the class C felony of victim tampering under § 575.270.[2] Movant also pleaded guilty to the class A misdemeanor of violating an order of protection under § 455.085 in cause no. 1222-CR03511.

At the plea hearing, Movant acknowledged that he had heard the terms of the plea agreement and stated that he wanted to plead guilty to kidnapping. During questioning by the court to ensure that Movant's plea was knowing, intelligent, and voluntary, Movant told the court that he wanted to plead guilty to committing kidnapping on April 26, 2011, when he removed the victim from where he found her. Additionally, the court observed that there had already been a jury trial on this charge that ended in a mistrial and asked the prosecutor to outline the evidence of kidnapping. The prosecutor stated that Movant "forcefully placed [the victim] in a car which he then drove away from the area in which he was located" and that Movant "did so without [the victim's] consent and by the means of forcible compulsion." Movant admitted to those facts.

Movant also pleaded guilty to victim tampering and to violating an order of protection, admitting that he sent the victim "numerous letters encouraging her not to assist in the prosecution of [the kidnapping] and other matters." Further, Movant stated that he knew the victim had obtained an order of protection against him that prohibited him from initiating contact with her. Despite knowing this, Movant sent a letter to the victim's stepfather "asking him to pass on a message to the victim in violation of that order of protection." The court further questioned Movant to ensure that his guilty pleas were knowing, intelligent, and voluntary. Movant received a seven-year sentence that was to run concurrently with the other sentences in case no. 1222-CR03511, but consecutively with a sentence he was currently serving from a prior case.[3]

Movant timely filed a *pro se* post-conviction motion pursuant to Rule 24.035 on February 7, 2014. A notice indicating that the transcript of the guilty plea and sentencing hearing was complete was filed on March 4, 2014, but the record was unclear as to whether the transcript was actually filed. Additionally, Movant's appointed post-conviction counsel entered his appearance on May 23, 2014, but the record also lacked any reference as to when Movant's counsel was appointed. Movant's counsel filed an amended motion for post-conviction relief on November 12, 2014. The motion court entered its findings of fact, conclusions of law, and order denying Movant's motion without an evidentiary hearing on December 1, 2014.

Movant appealed the motion court's decision to this Court in *Austin v. State,* 484 S.W.3d 830 (Mo. App. E.D. 2016). This Court determined that, because the record was unclear as to whether the complete transcript was filed and when Movant's post-conviction counsel was appointed, remand was necessary for the motion court to determine whether the amended motion was timely filed and whether Movant was abandoned by his post-conviction counsel. *Id.* at 833.

---

**2.** All statutory references are to RSMo 2000 as updated through the most recent cumulative supplement, unless otherwise indicated.

**3.** Case no. 1022-CR02785-01.

On remand, the motion court determined that the transcript of the guilty plea and sentencing hearing was never actually filed. Additionally, the motion court determined that Movant's post-conviction counsel was never appointed, but entered an appearance. Pursuant to Rule 24.035(g), the time to file an amended motion begins to run from the date both (1) a complete transcript has been filed in the trial court and (2) counsel is appointed or an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of the movant. Because the transcript was never filed, and time never actually began to run, the motion court concluded that the amended Rule 24.035 motion was timely filed. Further, the motion court found that Movant had not been abandoned by his post-conviction counsel, while also ruling that it was appropriate to rule on the claims in the amended motion because any undue delay could not be attributed to Movant. Upon finding the amended motion was timely filed, the motion court, once again, denied Movant's Rule 24.035 motion because Movant failed to allege facts which were not refuted by the record that entitled him to relief.

This appeal follows.

## II. Standard of Review

When reviewing a motion court's denial of a Rule 24.035 motion for post-conviction relief, an appellate court is limited to determining whether the court's findings and conclusions are clearly erroneous. *Rueger v. State*, 498 S.W.3d 538, 542 (Mo. App. E.D. 2016); Rule 24.035(k). This Court presumes those findings and conclusions correct and "will only overturn the decision of the motion court, after review of the entire record, when we are left with a 'definite and firm impression that a mistake has been made.'" *Id.* at 542–43 (quoting *Vaca*

*v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010)). The burden is on the movant to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009).

■ "A movant is entitled to an evidentiary hearing only if: (1) the movant pled facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant." *Lockhart v. State*, 470 S.W.3d 778, 780 (Mo. App. E.D. 2015).

## III. Discussion

### A. Point I is denied because a factual basis for the plea to kidnapping was established

■ In his first point, Movant argues that the motion court erred in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing because the State failed to present sufficient facts at his guilty plea hearing to establish a factual basis for Movant's plea to the charge of first-degree kidnapping. A person commits kidnapping in the first degree if he or she unlawfully removes another person without his or her consent from the place where he or she is found or unlawfully confines another person without his or her consent for a substantial period, for the purpose of inflicting physical injury on or terrorizing the victim or another. Section 565.110.1(5).

■ A plea court is prohibited from entering a judgment upon a plea "unless it determines that there is a factual basis for the plea." *Simmons v. State*, 429 S.W.3d 464, 467 (Mo. App. E.D. 2014) (citing Rule 24.02(e)). "A factual basis exists if the defendant understands the facts presented at the guilty-plea proceeding and those facts establish the commission of the charged

crime." *Bell v. State,* 497 S.W.3d 880, 882 (Mo. App. E.D. 2016). The defendant's testimony or his acknowledgment of facts recited by the prosecutor can establish the required factual basis. *Id.* Trial courts are not required to explain every element of the crime; a factual basis exists so long as a defendant understands the nature of the charges against him. *Id.* The purpose of the factual basis requirement is to ensure that the guilty plea was intelligently and voluntarily entered, and thereby satisfies due process requirements. *Simmons,* 429 S.W.3d at 467.

Here, Movant has not met his burden to show he made an unknowing or involuntary plea. First and foremost, Movant did not claim in his amended Rule 24.035 motion that he was unaware of the elements of kidnapping. Instead, he only claimed that the State failed to *prove* that he committed kidnapping, as it did not show at his plea hearing that he removed the victim for the purpose of inflicting physical injury on or terrorizing her. In this regard, Movant misstates the standard of when a factual basis is established. As stated previously, a factual basis exists where the defendant understands the nature of the charges against him, even if every element of the crime is not explained by the prosecutor or the plea court at the plea hearing. *Bell,* 497 S.W.3d at 882. The State is not required to prove Movant committed the crime; it is only required to establish a factual basis of the commission of the crime to ensure that Movant entered the plea knowingly and voluntarily. *See Simmons,* 429 S.W.3d at 467.

From the record, it is clear that Movant was present throughout his jury trial on the charge of kidnapping that ended in a mistrial. At that trial, the State and defense argued whether Movant had kidnapped the victim. Specifically, it was argued whether Movant had forcibly dragged the screaming victim to the car or whether he simply led her there by the arm. Additionally, the motion court noted that Movant had admitted at the guilty plea hearing "to the kidnapping charge that on April 26, 2011 he forcefully placed the victim in a car which he then drove away from the area in which he was located and he did so without her consent and by forcible compulsion."

Despite the fact that all requisite elements of the crime of kidnapping were not read to Movant at his plea hearing, the record suggests that Movant understood the elements of the charge of kidnapping to which he pleaded guilty. A movant need not understand every element of the charged crime, but he should express that he is aware of the nature of the charge(s) to which he pleads guilty. *Wiggins v. State,* 480 S.W.3d 379, 384 (Mo. App. E.D. 2015) (citing *State v. Taylor,* 929 S.W.2d 209, 217 (Mo. banc 1996)). While the prosecutor's recitation of the facts at the guilty plea hearing was alone insufficient to establish all of the elements of the crime of kidnapping, Movant attended his trial, where evidence was adduced that the victim was screaming as Movant forcibly took her to the car, and he admitted to the facts recited by the prosecutor at his guilty plea hearing. This provided Movant with an awareness and understanding of the kidnapping charge and established a factual basis that he committed one count of kidnapping. Thus, because the record as a whole supports that Movant was aware of all the elements of the crime of kidnapping, Movant entered the guilty plea knowingly and voluntarily. Point I is denied.

**B. Point II is denied because parole eligibility is only a collateral consequence of a plea**

In his second point on appeal, Movant asserts that his plea of guilty to the charge of victim tampering was involun-

tarily, unknowingly, and unintelligently made because his plea counsel was ineffective in that he failed to inform Movant that he would be ineligible for parole. Movant argues that parole ineligibility is a direct consequence of his plea in this case because it is a condition of the victim tampering conviction as expressly set by the statute, § 575.270. Movant claims that he would have taken that charge to trial if he had known pleading guilty would make him ineligible for parole for the entirety of his seven-year sentence.

■ Movant correctly states in his brief that Missouri courts have distinguished between the so-called "direct consequences" and "collateral consequences" of a plea. *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999). This Court has held the direct consequences of a plea to include the points of "advice to defendant" listed in Rule 24.02(b) that a plea court must provide; these include the nature of the charge to which the plea is offered, the range of punishment, the right to be represented, and the rights that will be waived by pleading guilty. *Simmons v. State*, 432 S.W.3d 306, 308 (Mo. App. E.D. 2014). Counsel can be found ineffective for failing to advise a defendant of the direct consequences of his plea, as a defendant must enter the plea with knowledge of its direct consequences. *Id.* Missouri courts have continuously held that eligibility for parole is a collateral consequence of a plea and that neither counsel nor the plea court has an obligation to inform a defendant of the parole consequences of a guilty plea. *Reynolds*, 994 S.W.2d at 946; *Smith v. State*, 353 S.W.3d 1, 5 (Mo. App. E.D. 2011); *Voegtlin v. State*, 464 S.W.3d 544, 555 (Mo. App. E.D. 2015).

Movant cites *Webb v. State*, 334 S.W.3d 126 (Mo. banc 2011) several times through-

out his brief in support of his argument that his plea counsel was ineffective for failing to inform him that he would be automatically ineligible for parole if he pleaded guilty to the victim tampering charge. In *Webb*, the Supreme Court of Missouri ruled that a defendant's plea counsel's misstatement about parole eligibility may make a guilty plea involuntary. However, *Webb* did not transform parole ineligibility into a direct consequence of a plea, as the judgment in that case only addressed situations where counsel gives false advice as to a collateral consequence. There is a clear distinction between actively giving incorrect advice and failing to inform a client of every potential consequence of pleading guilty. *See id.* at 129. *Reynolds* is therefore still binding precedent that requires this Court to continue to view parole ineligibility as a collateral consequence of a plea. *Reynolds*, 994 S.W.2d at 946 (holding that mandatory minimum time to be served before becoming eligible for parole, as required by statute, did not make parole ineligibility a direct consequence); *Smith*, 353 S.W.3d at 5; *see also Webb*, 334 S.W.3d at 127 (explaining there is a distinction between misinforming a client and failing to inform a client about parole eligibility).

■ Movant asserts that because complete parole ineligibility for the charge of victim tampering is set by statute, it is a direct consequence of the plea. Again, parole eligibility has long been held as a collateral consequence of a guilty plea; as such, plea counsel has no constitutional obligation to advise a defendant about parole eligibility. *Reynolds*, 994 S.W.2d at 946. As established in *Reynolds*, even though a statute expressly establishes that a person is ineligible for parole, parole ineligibility does not become a direct consequence of a guilty plea. *Id.*[4] Matters

4. We recognize that Movant's claim here is

different from previous parole eligibility cases

relating to parole eligibility do not affect the voluntariness of a guilty plea, and as such, are not direct consequences. *Voegtlin,* 464 S.W.3d at 555.

Here, Movant was aware of the direct consequences of the plea. The motion court noted that Movant was aware of the nature of the charge to which the plea was offered, the range of punishment, the right to be represented, and the rights that would be waived by pleading guilty, as the plea court questioned Movant to ensure that his plea was made voluntarily, knowingly, and intelligently. Neither the plea court nor Movant's counsel was required to inform Movant that he would be ineligible for parole. Further, Movant's counsel did not make an affirmative misstatement about his parole eligibility that would make his counsel ineffective. *See Webb,* 334 S.W.3d at 129 (stating that misinforming a defendant of the collateral consequences of a plea may affect the voluntariness of that plea). Movant was therefore aware of the direct consequences of his guilty plea and his counsel was not ineffective for failing to inform him that he would be ineligible for parole. Point II is denied.

## IV. Conclusion

For the foregoing reasons, the judgment of the motion court is affirmed.

Mary K. Hoff, J., concur.

Lisa S. Van Amburg, J., concur.

in that parole ineligibility for the duration of the sentence served is stated directly in § 575.270. However, we are bound by precedent to hold that parole ineligibility in this

instance is still only a collateral consequence. *See Reynolds,* 994 S.W.2d at 946; see also *Voegtlin,* 464 S.W.3d at 555.